UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT H. PRESCOTT,

        Petitioner,        Case Number: 2:08-CV-11861

v.        HONORABLE ARTHUR J. TARNOW

THOMAS K. BELL,

        Respondent.
_____/

## ORDER TRANSFERRING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS AS A SUCCESSIVE HABEAS PETITION

This matter is pending before the court on Petitioner's motion for relief from judgment. Petitioner filed a habeas petition challenging his conviction and sentence for one count of assault with intent to do great bodily harm less than murder. The Court denied the petition.

Petitioner contends in the pending motion that the Court erred in denying his claims. Petitioner filed his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) motions are subject to the restrictions that apply to "second or successive" habeas corpus petitions if the movant asserts a claim of error in his state conviction. *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). "A motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532 (emphasis in original, footnote omitted). "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* at

533.

Petitioner seeks to advance claims that this Court previously considered and dismissed on the grounds that they were meritless. Therefore, he is making a habeas corpus claim. *Id.* at 532 n. 4; *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005). Petitioner may not proceed with these claims unless he has acquired permission from the Court of Appeals to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). Accordingly, the motion will be transferred to the Court of Appeals for a determination of whether this Court is authorized to adjudicate Petitioner's motion.

**IT IS ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the Court of Appeals for the Sixth Circuit under to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

                                              S/Arthur J. Tarnow
                                              Arthur J. Tarnow
                                              United States District Judge

Dated: March 25, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2011, by electronic and/or ordinary mail.

                                              S/Catherine A. Pickles
                                              Judicial Secretary